CITY OF DETROIT v MUZZIN & VINCENTI, INC.

1. TAXATION—INCOME TAXES—UNIFORM CITY INCOME TAX ORDINANCE —CORPORATE OFFICERS—STATUTES.

   The Uniform City Income Tax Ordinance does not impose criminal liability on corporate officers for the failure of the corporation to file a withholding return and pay the monies withheld (MCLA 141.601 *et seq.;* MSA 5.3194[11] *et seq.).*

2. TAXATION—INCOME TAXES—WORDS AND PHRASES—PERSON—UNIFORM CITY INCOME TAX ORDINANCE—CRIMINAL LAW—STATUTES.

   The term "person" when used in any provision of the Uniform City Income Tax Ordinance which imposes a criminal penalty, where applied to a corporation, means the corporation's officers (MCLA 141.608[2]; MSA 5.3194[18] [2]).

3. STATUTES—CONSTRUCTION.

   The rule of statutory construction *expressio unius est exclusio alterius* means that the express mention of one thing in a statute implies the exclusion of other kindred things.

4. TAXATION—INCOME TAXES—UNIFORM CITY INCOME TAX ORDINANCE —CRIMINAL RESPONSIBILITY—CORPORATE OFFICERS—STATUTES.

   A section of the Uniform City Income Tax Ordinance regarding violations and penalties does not impress criminal responsibility on corporate officers, with the exception of the subsection regarding corporate officers who refuse or attempt to thwart a city's valid request to examine the corporation's books and records (MCLA 141.699; MSA 5.3194[109]).

5. STATUTES—CONSTRUCTION—GLOSSARY.

   Courts may not import any other interpretation but must apply the meaning of the terms as expressly defined, where a statute supplies its own glossary.

Appeal from Wayne, Charles Kaufman, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 71 Am Jur 2d, State and Local Taxation § 602.

[2, 4] 71 Am Jur 2d, State and Local Taxation § 254 *et seq.*

[3, 5] 73 Am Jur 2d, Statutes §§ 142 *et seq.*

mitted· October 13, 1976, at Detroit. (Docket Nos. 23112, 23113.) Decided March 31, 1977. Leave to appeal applied for.

Complaint by the City of Detroit against Muzzin & Vincenti, Inc., Arthur Muzzin, Rose Barczowski and Irene Astolfi for failing to file a corporation income tax withholding return and to pay the monies withheld. The Traffic and Ordinance Division of the Recorder's Court for the City of Detroit found the defendants guilty. Defendant Barczowski appealed to the Wayne County Circuit Court, which affirmed. Leave to appeal to the Court of Appeals was denied. Defendant Barczowski applied to the Supreme Court for leave to appeal. The Supreme Court granted leave to appeal, 394 Mich 793 (1975), and remanded to the Court of Appeals for consideration as on leave granted. Reversed.

*Kermit G. Bailer,* Corporation Counsel, and *Victor G. Marrocco, Carl Rashid, Jr.,* and *Virgil C. Smith, Jr.,* Assistants Corporation Counsel, for plaintiff.

*Merrill, Tatham & Rosati,* for defendants.

Before: D. E. HOLBROOK, Jr., P. J., and N. J. KAUFMAN and D. C. RILEY, JJ.

PER CURIAM. We are asked to decide whether the Uniform City Income Tax Ordinance, MCLA 141.601 *et seq.;* MSA 5.3194(11) *et seq.,* which was adopted by plaintiff[1] imposes criminal liability on corporate officers for the failure of the corporation to file a withholding return and pay the monies withheld.

---

[1] Detroit Ordinances, No 900-F; Sec 21–8–18 of the City Code. Since the plaintiff adopted the Uniform City Income Tax Ordinance verbatim, *see* MCLA 141.502; MSA 5.3194(2), we shall refer for convenience solely to the statute.

During the latter part of 1971 appellant held the office of secretary in a now defunct corporation which had transacted business in Detroit. At a bench trial in Recorders Court, Traffic and Ordinance Division, appellant was found guilty on two counts: 1) wilful failure, neglect or refusal to file the return for the third quarter of 1971, MCLA 141.699(a); MSA 5.3194(109)(a), and 2) wilful failure to pay the tax withheld for the latter half of 1971, MCLA 141.699(c); MSA 5.3194(109)(c). In addition, the corporation pled no contest to charges of failing to file withholding tax returns for the third quarter of 1971 and failing to pay to plaintiff taxes withheld for the third and fourth quarters of that year. Her appeal was affirmed by the Wayne County Circuit Court; and leave to appeal was denied by the Court of Appeals. However, the Supreme Court, 394 Mich 793 (1975), granted leave, remanding the case to this Court as on leave granted. GCR 1963, 865.1(7).

As would be expected, resolution of this case turns on the language of the statute and the guidance provided by certain well settled rules of statutory construction.

The Uniform City Income Tax Ordinance provides in pertinent part:

"(2) 'Person' means a natural person, partnership, fiduciary, association, corporation or other entity. *When used in any provision imposing a criminal penalty, 'person' as applied to an association means the parties or members thereof, and as applied to a corporation, the officers thereof.*" MCLA 141.608(2); MSA 5.3194(18)(2). (Emphasis added.)

"Sec. 99. Each of the following violations of this ordinance is a misdemeanor and is punishable, in addition to the interest and penalties provided under the ordinance, by a fine not exceeding $500.00, or imprisonment for a period not exceeding 90 days or both:

"(a) Wilful failure, neglect or refusal to file a return required by the ordinance.

"(b) Wilful failure, neglect or refusal to pay the tax, penalty or interest imposed by the ordinance.

"(c) Wilful failure of an employer to withhold or pay to the city a tax as required by the ordinance.

"(d) Refusal to permit the city or an agent or employee appointed by the administrator in writing to examine the books, records and papers of a *person* subject to the ordinance.

"(e) Knowingly filing an incomplete, false or fraudulent return.

"(f) Attempting to do or doing anything whatever in order to avoid full disclosure of the amount of income or to avoid the payment of any or all of the tax." MCLA 141.699; MSA 5.3194(109). (Emphasis added.)

Inexplicably, counsel for both parties have premised their appellate arguments on the assumption that the term "person" nowhere appears in any section of the statute imposing criminal penalties. As the foregoing extract indicates, however, both sides are mistaken.[2]

This belated discovery takes the wind out of the

[2] It should be noted that another section of the statute (one inapplicable to the present case) uses the word, "person", in a penal provision:

"Sec. 74. (1) Information gained by the administrator, city treasurer or any other city official, agent or employee as a result of a return, investigation, hearing or verification required or authorized by this ordinance is confidential, except for official purposes in connection with the administration of the ordinance and except in accordance with a proper judicial order.

"(2) Any *person* who divulges this confidential information, except for official purposes, is guilty of a misdemeanor and subject to a fine not exceeding $500.00 or imprisonment for a period not exceeding 90 days, or both, for each offense. In addition, an employee of the city who divulges this confidential information is subject to discharge for misconduct." MCLA 141.674; MSA 5.3194(84). (Emphasis added.)

However, we need not decide whether officers of a corporate accounting firm authorized as the city's "agent" under MCLA 141.674(1) may be criminally liable for improperly divulging confidential information obtained in the course of a tax audit.

sails of plaintiff's argument for it plainly demon-
strates that the Legislature did consider the extent
to which corporate officers should be subject to
criminal penalties for violating the statute. By
utilizing the term "person" only once in its princi-
pal criminal provision, namely, MCLA 141.699(d);
MSA 5.3194(109)(d), the Legislature delineated a
particular instance in which the statute inflicts
criminal sanctions on the officers of a corporation.
When subsection (d) of MCLA 141.699 is inter-
preted by reference to two other provisions of the
statute, the legislative intent becomes obvious:

"Sec. 73. (1) The administrator personally, or his duly
authorized agent or a duly authorized city employee,
may examine the books, papers and records of any
person, employer, taxpayer or his agent or representa-
tive, for the purpose of verifying the accuracy and
completeness of a return filed, or, if no return was filed,
to ascertain the tax, withholding, penalties or interest
due under this ordinance.

"(2) The administrator or his duly authorized agent
may examine any person, under oath, concerning in-
come which was or should have been reported for
taxation under this ordinance, and for this purpose may
compel the production of books, papers and records and
the attendance of all parties before him, whether as
parties or witnesses, if he believes such persons have
knowledge of such income." MCLA 141.673; MSA
5.3194(83).

"(2) Refusal by any person to submit to such exami-
nation or investigation, when requested or ordered by
the administrator, is a violation of this ordinance, pun-
ishable by such penalties as are provided in the ordi-
nance." MCLA 141.681(2); MSA 5.3194(91)(2).

Thus, these sections taken together impose penal
sanctions (including imprisonment) on corporate
officers who refuse or attempt to thwart a city's

valid request to examine the corporation's books and records.

Applying the constructional rule *expressio unius est exclusio alterius* (express mention of one thing in a statute implies the exclusion of other kindred things), *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971), *Alan v Wayne County,* 388 Mich 210, 253; 200 NW2d 628 (1972), *Valenti Homes, Inc v Sterling Heights,* 61 Mich App 537; 233 NW2d 72 (1975), we hold that corporate officers cannot be held criminally responsible for corporate violations of MCLA 141.699(a), (b), (c), (e) or (f); MSA 5.3194(109)(a), (b), (c), (e) or (f). In light of the Legislature's express condemnation of certain conduct, namely, the refusal to permit examination of books and records, which subjects corporate officers to criminal penalties, we refuse to entertain the suggestion that the Legislature intended more but failed to so specify.

Where, as here, a statute supplies its own glossary, courts may not import any other interpretation, but must apply the meaning of the terms as expressly defined.[3] *In re Jones Estate,* 52 Mich App 628, 636; 218 NW2d 89 (1974), *Bennett v Pitts,* 31 Mich App 530, 534; 188 NW2d 81 (1971), *W S Butterfield Theatres, Inc v Dept of Revenue,* 353 Mich 345; 91 NW2d 269 (1958). Since the statute's definition of "employer" makes no mention of corporate officers,[4] we reject the plaintiff's attempt

---

[3] The statute itself is to the same effect:

"Sec. 2. For the purposes of this ordinance, the words, terms and phrases set forth in sections 3 to 9 and their derivations have the meaning given therein. * * * ." MCLA 141.602; MSA 5.3194(12).

[4] "(2) 'Employer' means an individual, partnership, association, corporation, nonprofit organization, governmental body or unit or agency including the state, or any other entity whether or not taxable under this ordinance, that employs 1 or more persons on a salary, bonus, wage, commission or other basis, whether or not the employer is in a business." MCLA 141.606(2); MSA 5.3194(16)(2).

to include defendant by implication within that category and thereby impose upon her, *ex officio,* the obligations of an employer under the statute.

If the Legislature in enacting the statute had intended to punish corporate officers where the corporation is derelict in its statutory duties, we do not doubt their ability to have employed language suitable to that task.

Conviction reversed.