EWALD v PONTIAC GENERAL HOSPITAL

Docket No. 60478. Submitted June 14, 1982, at Detroit.—Decided December 7, 1982.

Edwin J. Ewald, individually and as next friend of Christopher Ewald, a minor, and Linda I. Ewald filed a medical malpractice action against Pontiac General Hospital, F. Warner, M.D., and Arthur Lussos, M.D., jointly and severally in Oakland Circuit Court. The malpractice charged was in connection with the Caesarean delivery of Christopher Ewald. Defendants filed separate motions for accelerated judgments alleging that Mrs. Ewald had signed two arbitration agreements covering herself and her child. The agreements were never revoked. The court, Robert C. Anderson, J., finding that the arbitration agreements were properly and knowingly executed by Mrs. Ewald, granted accelerated judgments in favor of all the defendants. Plaintiffs appeal. *Held:*

The execution of the arbitration forms failed to comply with the statutory requirements. Any agreement to arbitrate is thereby rendered void. The finding by the trial judge that the agreements were properly and knowingly executed is clearly erroneous and requires reversal.

Reversed and remanded.

1. APPEAL — BENCH TRIAL — FINDINGS OF FACT — COURT RULES.

An appellate court will set aside the findings of fact of a trial judge sitting without a jury only when such findings are clearly erroneous; a finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed (GCR 1963, 517.1).

2. ARBITRATION — JUDICIAL CONSTRUCTION — PUBLIC POLICY.

There is a strong public policy in Michigan favoring arbitration and arbitration clauses are to be liberally construed, with all doubts about the arbitrability of an issue resolved in favor of

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 839, 841.
[2] 5 Am Jur 2d, Arbitration § 5.

arbitration; however, a medical malpractice arbitration agreement cannot be legally valid unless it is in strict compliance with the statute.

*Bolanowski, Brennan & Keast* (by *James P. Brennan*), for plaintiffs.

*Wilson, Portnoy, Basso & Leader, P.C.* (by *Robert P. Roth*), for Pontiac General Hospital.

*Schureman, Frakes, Glass & Wulfmeier* (by *Jane P. Garrett*), for Arthur Lussos, M.D.

*Buesser, Buesser, Snyder & Blank* (by *William R. Buesser*), for F. Warner, M.D.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and V. R. PAYANT,* JJ.

V. R. PAYANT, J. Plaintiffs appeal as of right from the trial court's order granting defendants' motion for accelerated judgment.

On September 11, 1977, plaintiff Linda Ewald was admitted to defendant Pontiac General Hospital (hospital) for the Caesarean delivery of her son, Christopher Ewald. Mother and son were discharged from the hospital on September 17, 1977. On December 4, 1980, plaintiffs brought this malpractice action against defendants.

Defendants hospital, Dr. Warner, and Dr. Lussos filed separate motions for accelerated judgment, alleging that Mrs. Ewald had signed two arbitration agreements, dated September 11 and 12, 1977, on behalf of herself and her newborn son, respectively. Defendants further alleged that Mrs. Ewald had failed to revoke the agreements within the 60-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

day period provided by statute. MCL 600.5042(3); MSA 27A.5042(3).

Following an evidentiary hearing on defendants' motions, the trial court made a finding that the agreements were properly and knowingly executed by Mrs. Ewald and on this basis entered an order dismissing plaintiffs' complaint as to all defendants.

Plaintiffs raise several claims of error on appeal. They argue that the medical malpractice arbitration act, MCL 600.5040 *et seq.,* MSA 27A.5040 *et seq.,* is unconstitutional, that the arbitration agreements used here did not conform to the language of the act, and that one of the defendants, Arthur Lussos, M.D., was not covered by any arbitration agreement involving the plaintiffs. Finally, plaintiffs contend that the execution of any arbitration forms failed to comply with the statutory requirements and thereby rendered void any agreement to arbitrate.

Our conclusion as to the final issue is dispositive here and we need not reach the constitutional challenge raised.

Plaintiffs contend that the trial court's finding that the agreements were properly executed was erroneous. An appellate court will set aside findings of fact of a trial judge sitting without a jury only when such findings are clearly erroneous. GCR 1963, 517.1; *Birkenshaw v Detroit,* 110 Mich App 500, 508; 313 NW2d 334 (1981). A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Birkenshaw,* p 508.

In this case, we are left with such a definite and firm conclusion and hold that such error requires reversal.

Of crucial importance in the creation of the arbitration agreement is whether the hospital complied with MCL 600.5041(6); MSA 27A.5041(6), which provides:

"The form of the agreement promulgated shall be accompanied by an information brochure which clearly details the agreement and revocation provision. The brochure shall be furnished the person receiving health care at the time of execution. The person receiving health care shall be furnished with either an original or duplicate original of the agreement."

Mrs. Ewald denied that she was ever furnished the required informational brochure. The hospital admitting clerk did not contradict that assertion, having no recollection of the specific event. The clerk admitted, however, that informational brochures were given out only if the patient stated that she was unaware of arbitration and if a patient did not sign the requested form.

For the court to form a conclusion that the required brochure was furnished, it must be found that Mrs. Ewald advised the admitting clerk that she was unaware of arbitration and further find that she declined to sign the arbitration forms. In *Capman v Harper-Grace Hospital,* 96 Mich App 510, 516; 294 NW2d 205 (1980), and *Rome v Sinai Hospital of Detroit,* 112 Mich App 387, 392-393; 316 NW2d 428 (1982), this Court remanded to determine whether or not plaintiff received a brochure describing the arbitration agreement. Here the evidence has been heard. The obviously incorrect criteria for dispensing the brochures gives little support to findings that the statute was followed. Since the criteria used by the clerk in deciding who should receive a brochure and who should not placed Mrs. Ewald on the "non-receipt"

side, the findings that a brochure was furnished are without any support.

We note the strong public policy in this state favoring arbitration and agree that arbitration clauses should be liberally construed with all doubts about the arbitrability of an issue to be resolved in favor of arbitration. *Kukowski v Piskin,* 99 Mich App 1; 297 NW2d 612 (1980). Nevertheless, we conclude that an arbitration agreement cannot be legally valid unless it is in strict compliance with the arbitration statute. With failure of strict compliance with the statute, no valid arbitration agreement was formed.

Since the case will now proceed within the court system, we need not speak to the issues involving the medical arbitration system itself.

Reversed.