McRAILD v SHEPARD LINCOLN MERCURY, INC

Docket No. 76248. Submitted February 15, 1985, at Detroit.—Decided March 18, 1985.

> Virginia McRaild, after talking to James Shepard, Jr., a salesman for Shepard Lincoln Mercury, Inc., offered to trade her house and 1978 Buick in exchange for $12,000 and a new Lincoln Mark VI worth $17,000. After inspecting the house, Shepard and his father, James Shepard, Sr., president of Shepard Lincoln Mercury, agreed to give McRaild $11,000 plus the new Lincoln in exchange for the property, valued at approximately $43,000. McRaild was also to pay $1,000 in back taxes and was to remain liable for paying the remainder of the outstanding balance on her mortgage. James Shepard, Jr., was to receive title to the property, including all mineral rights, was to assume the mortgage, and also retained a security interest in the Lincoln, entitling him to repossess the car if McRaild failed to make the remaining payments on the mortgage. Approximately two years later, McRaild filed suit against Shepard Lincoln Mercury, Inc., and James Shepard, Jr., in St. Clair Circuit Court alleging that defendants had violated the Michigan Consumer Protection Act. Following a bench trial, the court, Ernest F. Oppliger, J., granted judgment in favor of plaintiff for damages, costs, and attorney's fees in the amount of $11,551.31. Defendants appealed. *Held:*
>
> 1. The Michigan Consumer Protection Act applies to this case.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d New Topic Service, Consumer and Borrower Protection § 205 *et seq.*

55 Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 696 *et seq.*

Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.

[2] 73 Am Jur 2d, Statutes §§ 145, 146.

[3] 73 Am Jur 2d, Statutes §§ 1, 142, 224 *et seq.*

[4] 4 Am Jur 2d, Appeal and Error § 76.

5 Am Jur 2d, Appeal and Error § 839.

[5] 27 Am Jur 2d, Equity § 154.

2. The findings of fact by the trial court are supported by the record and will not be disturbed on appeal.

3. The trial court's award to plaintiff was clearly authorized by the statute.

4. Plaintiff's claim was not barred by laches.

5. The trial court's finding that the corporate defendant is liable on the basis of an agent/principal relationship is not clearly erroneous and will not be set aside.

Affirmed.

1. CONSUMER PROTECTION — MICHIGAN CONSUMER PROTECTION ACT — UNFAIR, UNCONSCIONABLE, OR DECEPTIVE METHODS, ACTS, OR PRACTICES.

The Michigan Consumer Protection Act makes unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce unlawful (MCL 445.903[1]; MSA 19.418[3][1]).

2. STATUTES — JUDICIAL CONSTRUCTION.

It is assumed that the Legislature, where the language of a statute is clear, intended the meaning it has plainly expressed.

3. STATUTES — JUDICIAL CONSTRUCTION — GLOSSARY.

A court, where a statute supplies its own glossary, must apply the terms as expressly defined.

4. APPEAL — BENCH TRIAL — FINDINGS OF FACT.

Findings of fact in a bench trial will not be disturbed on appeal unless the findings are clearly erroneous.

5. LIMITATION OF ACTIONS — DELAY IN ASSERTING CLAIM — LACHES — STATUTE OF LIMITATIONS.

Mere delay in asserting a claim for a period less than that in the statute of limitations does not constitute such laches as will defeat recovery in law or equity.

*Legal Assistance of St. Clair County* (by *James A. Riggle),* for plaintiff.

*Weller, Cella & Simmons* (by *Robert F. Cella),* for defendant.

Before: V. J. Brennan, P.J., and Cynar and J. W. Fitzgerald,* JJ.

Cynar, J. Plaintiff brought suit alleging that the defendants had violated the Michigan Consumer Protection Act, MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.* After a bench trial in St. Clair County Circuit Court, judgment was granted to the plaintiff for damages, costs and attorney's fees in the amount of $11,551.31. Defendants appeal from the judgment and order to this Court as of right.

In May 1980, the plaintiff went to the defendant Shepard Lincoln Mercury dealership to inquire about purchasing a Lincoln Mark VI. She spoke to defendant James Shepard, Jr., a salesman for the dealership, about the car. The plaintiff did not decide to purchase the car at that time. Shepard followed up on her interest a few days later with a telephone call. After a few more days, plaintiff stopped by the dealership and offered to trade her house and her 1978 Buick in exchange for $12,000 and the Lincoln.

Defendant Shepard and his father, James Shepard, Sr., president of Shepard Lincoln Mercury, Inc., went to the plaintiff's residence to examine the property. Defendant Shepard testified that the house was in a state of disrepair, needing a lot of work. The plaintiff disputed that characterization, testifying that her late husband had kept the house in good condition both inside and out. Plaintiff was anxious to sell the house because she no longer wanted to bear the burden of maintaining it and she also wanted to be able to purchase the Lincoln so she could travel.

The parties finally entered into an agreement on May 29, 1980. The plaintiff was to receive the

* Retired Supreme Court Justice, sitting on the Court of Appeals by assignment.

Lincoln, valued at $17,000, and $11,000 in cash. However, $1,000 was deducted for back taxes owed on the property. In return, defendant James Shepard, Jr., was to receive title to her property, including all mineral rights. The property was determined to have a minimum value of $43,000. Therefore, the plaintiff gave the defendants approximately $43,000 in value in exchange for approximately $27,000 in value. Nominally, defendant Shepard was to assume the mortgage. However, in fact, the plaintiff was to remain liable for paying the remainder of the outstanding balance on the mortgage. At the same time, defendant Shepard retained a security interest in the Lincoln. If the plaintiff failed to make the remaining payments on the mortgage, Shepard was entitled to repossess the car.

On the above facts, the trial court held that the Act had been violated because defendants' actions confused the plaintiff, the consideration that plaintiff exchanged for the car was grossly excessive, and the defendants took advantage of the plaintiff. The corporate defendant was found liable on an agency theory.

The first issue is whether the Act applies to this case. The Act is designed to prohibit certain methods, acts and practices in trade or commerce. MCL 445.903; MSA 19.418(3). MCL 445.902(c); MSA 19.418(2)(c) states:

" 'Trade or commerce' means the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article. 'Trade or commerce' does not include franchising but does include pyramid and chain promotions as defined in section 28 of Act No. 269 of the

Public Acts of 1974, being section 445.1528 of the Michigan Compiled Laws."

MCL 445.903(1); MSA 19.418(3)(1)makes unfair, unconscionable or deceptive methods, acts or practices in the conduct of trade or commerce unlawful. When the language of a statute is clear, it is assumed that the Legislature intended the meaning it has plainly expressed. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983). Where a statute supplies its own glossary, a court must apply the terms as expressly defined. *Detroit v Muzzin & Vincenti, Inc,* 74 Mich App 634, 639; 254 NW2d 599 (1977), *lv den* 400 Mich 858 (1977). The plain langauge of the statute makes it clear that the Act applies to this case. This case involves the sales of property; defendant James Shepard, Jr., sold plaintiff an automobile for personal use. The Act is therefore applicable to the case at bar.

Defendants next argue that the conduct in question did not violate the Act. This was a question of fact for the trial court. Findings of fact in a bench trial will not be disturbed on appeal unless the findings are clearly erroneous. *Ewald v Pontiac General Hospital,* 121 Mich App 793, 795; 329 NW2d 495 (1982); GCR 1963, 517.1. We are not left with a definite and firm conviction that the trial court made a mistake. The record supports the trial court's conclusions and we will not disturb them on appeal.

Defendants next claim that the Act does not provide for the award made by the trial court. We disagree. MCL 445.911(2); MSA 19.418(11)(2) provides:

"Except in a class action, a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees."

The trial court's award was clearly authorized by the statute.

Defendants also claim that plaintiff's claim should be barred by laches. Mere delay in asserting a claim for a period less than that in the statute of limitations does not constitute such laches as will defeat recovery in law or equity. *Kaminski v Wayne County Board of Auditors,* 287 Mich 62, 67; 282 NW 902 (1938). The limitation period under the Act is six years. MCL 445.911(7); MSA 19.418(11)(7). Defendants have not shown prejudice by plaintiff's delay of about two years before filing suit. The claim was not barred by laches.

Finally defendants claim that the trial court erred in finding the corporate defendant liable on the basis of an agent/principal relationship. This was a question of fact. *Lincoln v Fairfield-Nobel Co,* 76 Mich App 514; 257 NW2d 148 (1977). The finding need not be set aside; it was not clearly erroneous. *Ewald, supra.*

Affirmed.