NOGGLES v BATTLE CREEK WRECKING, INC

Docket No. 80642. Submitted October 1, 1985, at Grand Rapids. Decided July 21, 1986.

Plaintiff, David P. Noggles, brought an action in the Calhoun Circuit Court against defendant, Battle Creek Wrecking, Inc., alleging a violation of the Consumer Protection Act. Plaintiff alleged that defendant agreed to fill in low spots on plaintiff's land with clean debris free of toxic or hazardous material in return for the right to dispose of the debris and that defendant breached the agreement by dumping material containing a lead contaminant. Defendant moved for summary judgment on the basis that plaintiff did not allege that defendant's primary business was supplying property or services for personal, family or household purposes. The court, Stanley E. Everett, J., granted the motion. Plaintiff appealed. The Attorney General moved to intervene and the Court of Appeals granted the motion. *Held:*

The court erred in interpreting the Consumer Protection Act as applying only to businesses primarily transacting business for personal, family, or household purposes. The proper inquiry is into whether the goods, property, or service sold were sold primarily for personal, family, or household purposes.

Reversed and remanded.

1. STATUTES — JUDICIAL CONSTRUCTION.

A reviewing court, when interpreting a statute, is to give effect to the intent of the Legislature, giving words their ordinary meanings, and if the language of the statute is clear it is assumed that the Legislature intended the plainly expressed meaning and the statute must be enforced as written.

2. STATUTES — JUDICIAL CONSTRUCTION.

It is assumed that the Legislature, where the language of a statute is clear, intended the meaning it has plainly expressed.

REFERENCES

Am Jur 2d, New Topic Service, Consumer Protection §§ 1 *et seq.*

Am Jur 2d, Pleading §§ 230 *et seq.*

Am Jur 2d, Statutes §§ 143 *et seq.*, 194 *et seq.*, 204 *et seq.*

Practices forbidden by state deceptive trade practice and consumer protections acts. 89 ALR3d 449.

3. STATUTES — JUDICIAL CONSTRUCTION — GLOSSARY.

A court, where a statute supplies its own glossary, must apply the terms as expressly defined.

4. CONSUMER PROTECTION — CONSUMER PROTECTION ACT — LEGISLA-TIVE INTENT.

The legislative intent in enacting the Consumer Protection Act was to protect consumers in their purchases of goods which are primarily used for personal, family or household purposes, regardless of the character of the seller's business (MCL 445.901 *et seq.;* MSA 19.418[1] *et seq.*).

5. STATUTES — JUDICIAL CONSTRUCTION.

An established principle of statutory construction is that a modifying clause is confined to the last antecedent unless something in the subject matter or dominant purpose of the statute requires a different interpretation.

6. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary judgment based on a failure to state a claim upon which relief can be granted tests the legal sufficiency of the claims and is determined by reference to the pleadings alone; the test is whether, taking all factual allegations to be true along with any reasonable inferences or conclusions which may fairly be drawn from the facts alleged, the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

*Kenneth A. Rathert,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Fred H. Hoffecker,* Assistant in Charge, for intervening plaintiff Attorney General.

*John M. Jereck,* for defendant.

Before: DANHOF, C.J., and MACKENZIE and J. L. BANKS,* JJ.

J. L. BANKS, J. This case involves a dispute over

* Circuit judge, sitting on the Court of Appeals by assignment.

the construction of the term "trade and commerce" in the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.* Plaintiff appeals as of right from an order which granted defendant summary judgment pursuant to GCR 1963, 117.2(1).

Plaintiff's complaint alleged that he and defendant wrecking company had entered into an agreement, presumably oral, in which defendant agreed to fill in low spots on plaintiff's farmland with debris in consideration for being allowed to dispose of the debris on plaintiff's property. The farmland surrounded plaintiff's home in Albion, Michigan. Plaintiff alleged that defendant specifically agreed to use clean debris and that he represented that he would not dump dirt containing any toxic or hazardous materials. Plaintiff alleges, however, that defendant dumped toxic materials onto his land, creating a potential health hazard "to [p]laintiff, to his family, to his livestock and to the public." It appears that the debris or dirt that was dumped by defendant wrecking company contained a lead contaminant brought from a nearby plant.

In response to plaintiff's request for preliminary injunctive relief, the court issued a show cause order and defendant filed a motion to set aside or dismiss the order. Defendant contends that MCL 445.902(d); MSA 19.418(2)(d) controls the instant case and necessitates dismissal of plaintiff's complaint. This subsection of MCPA provides in pertinent part as follows:

> (d) "Trade or commerce" means the conduct of a business providing goods, property, or service *primarily for personal, family, or household purposes* and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a

service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity. [Emphasis supplied.]

Defendant contends that this subsection requires the plaintiff to allege that the *primary business* of the defendant is supplying goods, property, or services for personal, family or household purposes in order to state a viable cause of action under the statute. Defendant argues that goods, property, or service for personal, family, or household purposes which are provided *incidentally* to its primary business of supplying goods, property, or service for nonpersonal, nonfamily, or nonhousehold purposes deny plaintiff a cause of action under MCPA. Defendant asserts that, because plaintiff has failed to allege that defendant's primary business was supplying goods, property or services for personal, family, or household purposes, plaintiff has failed to state a cause of action under MCPA. The trial court found defendant's interpretation of the word "primarily" persuasive, and granted defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1). We find that the court improperly construed the statute and reverse the summary judgment order.

The issue here is whether the clause "primarily for personal, family, or household purposes" is intended to modify the words "conduct of a business" or the words "goods, property, or service." We find the latter to be the proper interpretation.

It is a cardinal rule of statutory interpretation that a reviewing court is to give effect to the intent of the Legislature. *Hiltz v Phil's Quality Market,* 417 Mich 335; 337 NW2d 237 (1983). If the language of the statute is clear, it is assumed that the Legislature intended the plainly expressed meaning, and the statute must be enforced as

written. *Bailey v Detroit Automobile Inter-Ins Exchange,* 143 Mich App 223, 225; 371 NW2d 917 (1985), lv den 424 Mich 867 (1986).

In *McRaild v Shepard Lincoln Mercury, Inc,* 141 Mich App 406, 410; 367 NW2d 404 (1985), this Court interpreted the definition of "trade and commerce" and determined that, where the goods involved were sold for personal use, the transaction came within the meaning of the above-named subsection:

> When the language of a statute is clear, it is assumed that the Legislature intended the meaning it has plainly expressed. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983). Where a statute supplies its own glossary, a court must apply the terms as expressly defined. *Detroit v Muzzin & Vincenti, Inc,* 74 Mich App 634, 639; 254 NW2d 599 (1977), *lv den* 400 Mich 858 (1977). The plain language of the statute makes it clear that the Act applies to this case. This case involves the sales of property; *defendant . . . sold plaintiff an automobile for personal use. The Act is therefore applicable to the case at bar.* [Emphasis supplied.]

This Court has not held that the MCPA requires an inquiry into the primary nature of the conduct of a business involved in a transaction, but rather whether the goods, property, or service were sold primarily for personal, family, or household purposes.

We are satisfied that a clear legislative intent in enacting the Michigan Consumer Protection Act was to protect consumers in their purchases of goods which are primarily used for personal, family or household purposes. To follow defendant's interpretation of the statute would be to leave a consumer completely without remedy under the statute in any case where a business conducts a

substantial *minority* of its transactions with consumers for personal, family, or household purposes.

Further, we think that even without inquiring into the legislative intent, our interpretation of the statute properly follows established principles of statutory construction. The words "primarily for personal, family, or household purposes" appear directly after those of "goods, property, or service." In *Sullivan v PRC Oil & Gas Co,* 148 Mich App 427, 430; 383 NW2d 641 (1986), this Court stated as follows:

> It is an established principle of statutory construction that a clause is *confined to the last antecedent* unless something in the subject matter or dominant purpose of the statute requires a different interpretation. *Nemzin v Sinai Hospital,* 143 Mich App 798; 372 NW2d 667 (1985); *Haveman v Kent County Road Comm'rs,* 356 Mich 11, 18; 96 NW2d 153 (1959); *Winokur v State Bd of Dentistry,* 366 Mich 261, 266; 114 NW2d 233 (1962). [Emphasis supplied.]

Similarly, in 2A Sutherland, Statutory Construction (4th ed, 1984 Rev), § 47.26, pp 215-216, it is stated:

> Where a sentence contains several antecedents and several consequents they are to be read *distributively.* The words are to be applied to the subjects that seem most properly related by context and applicability. [Emphasis supplied.]

The last phrase antecedent to the words "primarily for personal, family, or household purposes" is "goods, property, or service."

It therefore appears that either by a traditional view of statutory interpretation or by an inquiry into plain legislative intent, the trial court should not have interpreted MCL 445.902(d); MSA 19.418(2)(d) as requiring a business to be primarily one transacting business for personal, family, or household purposes to come under MCPA. It further appears that plaintiff in the instant case adequately stated a cause of action under a number of subsections of MCPA by alleging that defendant had made representations that a good would be provided in a certain condition and had then failed to so provide the good, i.e., debris free from toxic or hazardous materials.

The test on a motion for summary judgment based on GCR 1963, 117.2(1), or failure to state a claim upon which relief can be granted, is whether the claim involved is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Cramer v Metropolitan Savings Ass'n,* 125 Mich App 664; 337 NW2d 264 (1983). All factual allegations of the claim are taken to be true along with any reasonable inferences or conclusions which may fairly be drawn from the facts alleged. *Kinnunen v Bohlinger,* 128 Mich App 635; 342 NW2d 167 (1983). A motion brought pursuant to GCR 1963, 117.2(1) tests only the legal sufficiency of the claim, not whether there is any factual support for the claim. *Huff v Ford Motor Co,* 127 Mich App 287; 338 NW2d 387 (1983). Defendant did not show that plaintiff's complaint was legally insufficient.

The summary judgment order is reversed and the case is remanded for further proceedings. We do not retain jurisdiction.