CATALLO ASSOCIATES, INC v MacDONALD & GOREN, PC

Docket No. 114158. Submitted June 26, 1990, at Detroit. Decided October 5, 1990; approved for publication December 12, 1990, at 9:00 A.M.

Catallo Associates, Inc., brought an action against MacDonald & Goren, P.C., in the Oakland Circuit Court, alleging breach of contract arising from an agreement relating to interior design services it provided to MacDonald & Goren. MacDonald & Goren counterclaimed, alleging that Catallo violated the Consumer Protection Act by overcharging it for the installation of the office furnishings. The court, Robert C. Anderson, J., granted summary disposition with regard to the Consumer Protection Act claim in favor of Catallo, finding that MacDonald & Goren lacked standing to bring the claim under the act because the furnishings were not sold primarily for personal, family, or household purposes. MacDonald & Goren appealed.

The Court of Appeals *held:*

The trial court erred in granting summary disposition. MacDonald & Goren is an incorporated law firm, and by definition a person under the Consumer Protection Act. The furnishings provided by Catallo thus were primarily for personal use.

Reversed.

*Seyburn, Kahn, Ginn, Bess, Howard & Harnisch, P.C.* (by *Rogue Tyson*), for Catallo Associates, Inc.

*MacDonald & Goren, P.C.* (by *Marc A. Goldman* and *James D. Zazakis*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and GILLIS and GRIBBS, JJ.

PER CURIAM. Defendant-counterplaintiff MacDonald & Goren, P.C. (M & G) appeals as of right from a circuit court order granting plaintiff-counterdefendant Catallo Associates, Inc., summary disposition on count IV of M & G's counterclaim.

MCR 2.116(C)(8). The trial court concluded that M & G, a corporate entity, lacked standing to bring a claim under the Consumer Protection Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.*

In this case, M & G's cause of action was premised on an alleged violation of MCL 445.903(1)(z); MSA 19.418(3)(1)(z), which provides:

> Unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
> \* \* \*
>
> (z) Charging the consumer a price which is grossly in excess of the price at which similar property or services are sold.

Specifically, M & G's claim focused on the price charged by Catallo for the installation of office furnishings.

MCL 445.902(d); MSA 19.418(2)(d) defines "trade or commerce" in pertinent part as follows:

> "Trade or commerce" means the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity.

This Court has held that the phrase "primarily for personal, family, or household purposes" modifies the words "goods, property, or service" so that the inquiry must be whether the goods, property, or services sold were sold primarily for personal, family, or household purposes. *Noggles v Battle Creek Wrecking, Inc,* 153 Mich App 363; 395

NW2d 322 (1986). Accordingly, the question here is whether the furnishings in this case were sold primarily for personal, family, or household purposes. We conclude that they were.

In its brief, Catallo defines "personal" as "of or relating to a particular person." *Webster's Third New International Dictionary* (1976). However, "person" is defined by the Consumer Protection Act as

> a natural person, corporation, trust, partnership, incorporated or unincorporated association, or other legal entity. [MCL 445.902(c); MSA 19.418(2) (c).]

Thus, it is apparent that "personal," in the context of the act, should be defined as "of or relating to a particular person, corporation, trust, partnership, incorporated or unincorporated association or other legal entity."

Since the furnishings in this case were intended for the use of M & G's law firm, and since the incorporated law firm is a "person" under the act, we conclude that the furnishings were primarily for personal use.

The trial court erred in granting summary disposition regarding M & G's claim that Catallo violated the Consumer Protection Act.

Reversed.