NEWELL BARNARD v. GERMAN AMERICAN SEMINARY ET AL.

NEWELL BARNARD AND ABEL A. BROCKWAY v. CHARLES L. ORTMANN ET AL.

NEWELL BARNARD AND ABEL A. BROCKWAY v. THE GERMAN AMERICAN SEMINARY, BERNARD STROH ET AL.

*Equitable estoppels.*

Estoppels *in pais* are called equitable because they arise on facts that make their application just, and not because they are in any way limited to cases in equity; they are just as applicable in courts of common law.

A bill in equity will not lie to enjoin actions at law on the ground merely that the defence relied on is an equitable estoppel; the defense will be as perfect at law.

Appeals from Midland. Submitted October 13. Decided October 31.

BILLS to enjoin the prosecution of certain actions.   De-
fendants appeal.   Reversed.

*Hanchett & Stark* and *D. P. Foote* for complainant.

*De Forest Paine* and *C. A. Kent* for appellants.   An equit-
able estoppel may be shown at law:   *Hayes v. Living-
ston* 34 Mich. 384.

COOLEY, J.   These are injunction suits to restrain the
prosecution of certain actions at law.   The actions at law
are in trover for the conversion of logs cut by complainants
on lands, which are conceded to have been, at the time of
the cutting, the property of the German American Semi-
nary.   It is claimed in the bills that complainant cut the
logs rightfully under a contract of sale of the pine timber
on the lands, from Bernard Stroh to complainant Barnard,
given at a time when the wife of Stroh had legal title.   It
is conceded that the contract was without original validity,
but it is claimed that it was subsequently confirmed.   The
title of Mrs. Stroh was afterwards set aside by decree in
chancery, which adjudged it to be in the German American
Seminary.   The question on the merits is, whether the cut-
ting of the logs was justified by the contract, and if not,
whether the circumstances do not make out an equitable
estoppel as against the Seminary or any one claiming under
it.

If complainants can make out such an estoppel, there is
not the least question that it would constitute a complete
and perfect defense to the suits at law.   Estoppels *in pais*
are called equitable estoppels, not because their recognition
is peculiar to equitable tribunals but because they arise upon
facts which render their application in the protection of
rights equitable and just.   Courts of equity recognize them
in cases of equitable cognizance ; but the courts of common
law just as readily and freely :   *Sebright v. Moore* 33 Mich.
92 ; *Maxwell v. Bay City Bridge Co.* 41 Mich. 453 ; *Kid
v. Mitchell* 1 N. & McC. 334 ; *Dezell v. Odell* 3 Hill 215 ;
*Horn v. Cole* 75 Ill. 516 ; and it is never necessary to go

into equity for the mere purpose of obtaining the benefit of
an equitable estoppel when the case is not otherwise of
equitable jurisdiction.

There was consequently no necessity whatever for these
suits. They performed no office except to take the questions
from the court of law, which was already fully possessed of
them and was entirely competent to do complete justice.

The decrees awarding perpetual injunction against the
suits at law must be reversed with costs of both courts and
the bills dismissed.

The other Justices concurred.