YOUNG v. YOUNG.

1. EQUITY—WILLS—INCONSISTENT CLAIMS.
   Where plaintiff in his bill prayed that a will, under which he obtained title to land, be sustained as to the validity of his title, but otherwise be set aside, his position was inconsistent; he cannot elect to accept what is favorable to him and at the same time reject it for other purposes.

2. ESTOPPEL—WILLS—ELECTION.
   Where plaintiff, more than two years after learning of his rights under a second will, deeded land with full covenants of warranty, basing his right to convey under the first will, his action was an election amounting to an equitable estoppel.

3. LIMITATION OF ACTIONS—RIGHTS IN LAND—WILLS—PROBATE.
   Where the first will had been probated for more than 15 years and plaintiff waited for more than two years after learning of his rights under the second will before beginning proceedings, his right to recover, not only the lands but also funds received upon its sale, was barred by the provisions of section 12311, 3 Comp. Laws 1915.

4. SAME—EQUITY PRACTICE.
   The court of equity will usually apply the principles of a statute of limitations by analogy.

5. EQUITY—PRIVITY OF ACTION—ESTOPPEL.
   There being no privity between plaintiff and defendant in respect to the cause of action, the fact that plaintiff is precluded by his own acts in proceeding against the vendee of the land affords no argument for the propriety of his inconsistent claims in this proceeding.

Appeal from Kent; Perkins, J. Submitted January 30, 1918. (Docket No. 46.) Decided March 27, 1918.

Bill by W. Crawford Young against Ella O. Young to set aside the probate of a will, to establish a later will, and for an accounting. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Jewell & Smith,* for plaintiff.

*Taggart & Kingston,* for defendant.

On November 18, 1891, David J. Young, being then seised of a farm containing 220 acres, made a last will and testament by the terms of which he devised his entire estate, including said farm, to his wife, Ella O. Young. David J. Young died March 11, 1893, and on March 27, 1893, his will was presented for probate in the probate court. Willis Young, a brother of David J. Young, contested the probate of said will, but it was nevertheless admitted to probate on April 29, 1893. Thereafter, and on June 10, 1893, Willis Young filed a claim of appeal from said order in the circuit court for the county of Kent. On August 2, 1893, Ella O. Young entered into an agreement with Willis Young, by the terms of which said appeal was to be dismissed and she was to sell to said Willis Young the 220 acres of land in question for the sum of $11,000. A stipulation for the dismissal of said appeal was filed and an order entered in accordance therewith upon said 2d day of August, 1893. Later Ella O. Young as administratrix carried to a conclusion the administration of said estate and was duly discharged as such administratrix on February 15, 1894. In the meantime, and on August 15, 1893, Ella O. Young had deeded, with full covenants of warranty to Willis Young, said farm, and he had paid to her the full consideration agreed upon, $11,000. In 1906, Willis Young deeded to his son, W. Crawford Young, the plaintiff herein, 146 acres of the 220 acres purchased by him from Ella O. Young, the defendant, in 1893.

On March 11, 1913, a paper purporting to be the last will of David J. Young was discovered in Los Angeles, California, dated November 27, 1891, nine days later than the will which had been probated in 1893. This will was offered for probate June 11, 1914,

by plaintiff and probate thereof denied December 18, 1914. By the terms of the second will defendant, Ella O. Young, was given a life estate only in the 220-acre farm in question, with remainder over to W. Crawford Young (nephew of David J. Young), plaintiff herein. On March 16, 1915, plaintiff conveyed with full covenants of warranty a portion of said 146 acres to Carl D. Young for a consideration of $9,000. This deed was made more than two years after the discovery of the second will. The bill of complaint was filed on January 13, 1916, nearly three years after said discovery. The bill sets up the facts as above narrated, together with others bearing thereon, and prays for the following relief:

"(a) That the said will of November 27, 1891, may be proved and determined to be the last will and testament of the said David J. Young and entitled to admission to probate as such.

"(b) That the will of November 18, 1891, and all orders and proceedings based thereon be set aside and held for naught insofar as so doing will not disturb any title based thereupon.

"(c) That the value of the interest of your orator in said lands so devised to him at the death of said David J. Young, and later sold by the said Ella O. Young, may be determined, and the said Ella O. Young be required to account to your orator for the moneys belonging to your orator and so received by her as aforesaid.

"(d) That the said Ella O. Young may be decreed to pay to your orator such sum as this court shall determine to have been the value of your orator's interest in said lands at the time of the death of David J. Young, with interest thereon from August 15, 1893; or that the sum of eleven thousand dollars (the price of said lands received by said Ella O. Young) be set aside either in property or money, of the lands or property of said defendant, Ella O. Young, in such manner as the court shall direct, the use thereof to be paid under the direction of this court to the said Ella O. Young, during her life, and upon her death the principal fund to be delivered and paid to your orator."

The answer denies the genuineness of the second will, admits the proceedings had under the first will and the receipt by defendant from Willis Young of the sum of $11,000 as the purchase price of said 220 acres of land. A motion to dismiss in the nature of demurrer is attached to said answer. This motion is based upon many legal propositions which defendant urges as fatal to plaintiff's claim. The case was heard in open court, the testimony offered all bearing upon the genuineness of the signature of David J. Young to the later will. The learned circuit judge before whom the case was heard found as a matter of fact that the second will was genuine, and found as a matter of law:

"That neither the statute of limitations nor the doctrine of estoppel have anything to do with the determination of this case."

He further held:

"Again, the plaintiff relies upon the validity of his title to the land, and has sold a portion thereof for $9,000. He insists upon his rights to retain the rent and income thereof, and claims, also, an interest as remainderman in the proceeds of the sale by the life tenant made some 24 years ago, under a mutual mistake of fact. While the interest on the proceeds of the sale in the hands of the defendant might, under proper circumstances, be considered in the nature of the setoff against the rents and profits so received by the plaintiff, still, there is no proof before the court as to the amount of such rents and profits.

"I apprehend that before any equitable adjustment of the respective rights of these parties should be attempted, they should each be placed in a situation approximating at least the situation they would have been in had no mutual mistake been made, at least so far as the circumstances will permit. Admitting the authenticity of the second will and allowing it, necessarily nullifies all the preceding actions of these parties in relation to these lands and the proceeds thereof, so far as their individual rights and interests are con-

cerned.  The rights of third parties, however, are not involved.  The plaintiff and the defendant have, in a sense, been a trustee each of the other, and before either can ask equitable relief, the other party must be placed upon an equal footing with the claimant.  In other words, all acts of each resulting from the mutual mistake, must be regarded as of no lawful effect, and each placed so far as possible *in statu quo,* to the end that their relative rights may be properly adjusted. Here the plaintiff insists upon holding the land and upon his right to dispose of it, or any portion thereof, for any price he may get.  He also insists upon retaining the rents and profits for the twenty and more years he has occupied the premises, and makes no effort to return or account for them or any part thereof.  He insists upon the proportionate share of a remainderman in the proceeds of the sale made by the defendant to his father, and the interest thereon for something like 24 years, but offers no proof as to the amount of the rents and profits he has received,"

and dismissed plaintiff's bill with costs.  From this decree plaintiff appeals.

BROOKE, J. (*after stating the facts*).  Assuming that the learned circuit judge was correct in holding that the second will was in fact the last will and testament of David J. Young, and likewise assuming that equity has jurisdiction in the premises (*In re Butts Estate,* 173 Mich. 504, and cases cited), there yet remain several reasons in our opinion why plaintiff cannot succeed in this action.  His second prayer for relief is:

"That the will of November 18, 1891, and all orders and proceedings based thereon, be set aside and held for naught insofar as so doing will not disturb any title based thereupon."

In other words, he prays that the first will, which was admitted to probate, may be considered as the last will and testament of David J. Young for the purpose of making a good title to the 220 acres of land which

Ella O. Young deeded to his father for $11,000, 146 acres of which were deeded by his father to himself and some portion of which he himself deeded with full covenants of warranty to Carl D. Young for $9,000. All these conveyances rest for validity upon the propriety and legality of the proceedings in the probate court which declared the will of November 18, 1891, to be the last will and testament of David J. Young. The positions occupied by plaintiff are inconsistent. He cannot elect to treat the first will as the last will and testament of David J. Young for the purpose of basing his title thereon to a portion of the lands conveyed thereunder, and at the same time elect to consider it invalid for other purposes. In the recent case of *Hawley* v. *Dibble,* 184 Mich. 298, it is said:

"In the instant case the defendants, who are trying to contradict the terms of the deed in this respect are claiming an undivided half interest in the lots by force of the same deed. They do not accept the instrument as a whole. They accept what is favorable. This is just what the *Jacobs Case* holds they ought not to be permitted to do." *Jacobs* v. *Miller,* 50 Mich. 119.

See, also, *Stone* v. *Cook,* 179 Mo. 534, where the rule is announced:

"A person cannot accept and reject the same instrument, or, having availed himself of it as to part, defeat its provisions in any other part; and this applies to deeds, wills, and all other instruments whatever. [Citing authorities.] This doctrine of election, which prevents the assertion of repugnant rights, is but an extension of the law of equitable estoppel."

In connection with the application of this rule to the case at bar, it must be noticed that plaintiff himself, on March 16, 1915, more than two years after the discovery of the alleged second will, deeded a portion of the 146 acres with full covenants of warranty, basing his right to make such conveyances upon the first will and the probate thereof.

The judicature act, Act No. 314 Pub. Acts 1915 (3 Comp. Laws 1915, § 12311; Cummins & Beecher, § 434), provides:

"Section 1. Hereafter no person shall bring or maintain any action for the recovery of any lands, or the possession thereof, or make any entry thereupon, unless such action is commenced or entry made within the time herein limited therefor, after the right to make such entry or to bring such action shall have first accrued to the plaintiff, or to some person through whom he claims; * * * or through a devise in any will which shall have been probated in this State for fifteen years, during which period no suit in chancery has been brought to test the validity of such devise: *Provided,* That in cases where such fifteen-year period has already elapsed such rights of entry or actions shall be barred after two years from the passage hereof, or in case such right has not accrued, then after two years from the accruing thereof."

This legislation first appears upon the statute books in its present form as Act No. 243, Pub. Acts 1911. With reference to this statute, counsel for appellant say:

"It is apparent that this statute applies only to suits brought to compel a reconveyance or entry upon lands. The plaintiff in this case is not asking for a reconveyance of the land or attempting in any way to make an entry thereon or to affect anybody's title. Technically, it might be said that our bill is divided into two parts: *first,* to have the last will established, and *second,* to recover from Mrs. Young the portion of the money we are entitled to by reason of the devise contained in the last will."

We are of the opinion that this position is not tenable. It is apparent that the $11,000 for which the defendant, Ella O. Young, sold the land stands in place of the land itself, and we think that the statute which clearly bars recovery of the land should also bar recovery of the fund which was received upon its sale. Plaintiff himself had it within his power to avoid the

effect of this statute because he learned of the second will within two years from the passage of the act, to wit, March, 1913. A court of equity will usually apply the principles of a statute of limitation by analogy. *In re Sellman's Estate,* 175 Mich. 700; *Hatch* v. *Village of St. Joseph,* 68 Mich. 220; and *Smith* v. *Davidson,* 40 Mich. 632.

Plaintiff in this suit seeks to recover a portion of the purchase price paid to Ella O. Young for the farm in question by a third party. There is no privity between plaintiff and defendant in respect to the cause of action. Assume that defendant had sold the farm to a stranger and that her vendee was now in possession thereof, upon establishing his rights to the reversion in said farm, plaintiff would have a right to proceed against the vendee upon the termination of the life estate. That plaintiff is precluded from taking this course by reason of his own acts in dealing with the title in reliance upon the first will, affords no argument for the propriety of his present claims. In addition to the reasons assigned by the learned circuit judge we are of opinion that the plaintiff's bill might properly have been dismissed upon any of the grounds above set forth.

The decree is affirmed.

BIRD, MOORE, STEERE, FELLOWS, and STONE, JJ., concurred.

OSTRANDER, C. J., and KUHN, J., did not sit.