KAMINSKI *v.* WAYNE COUNTY BOARD OF AUDITORS.

1. COUNTIES—CLAIMS FOR SALARY DEFICIENCIES—CIRCUIT COURT COMMISSIONERS.

A board of county auditors has authority to pass upon a claim made against a county for deficiency in such part of salary of circuit court commissioner as is paid by the county (Const. 1908, art. 8, § 9; 1 Comp. Laws 1929, § 1186).

2. ESTOPPEL—DISADVANTAGE TO ONE RAISING DEFENSE.

A fundamental requisite of estoppel is that conduct, whether action or inaction, on the part of the one against whom the estoppel is asserted has worked to the disadvantage of the party who urges this defense.

3. OFFICERS—ACCEPTANCE OF LESSER COMPENSATION—ESTOPPEL.

The acceptance of less compensation than that established by law for the office does not estop an officer from subsequently claiming the legal compensation.

4. PAYMENT—PART PAYMENT—DISCHARGE.

Part payment of a past due, liquidated and undisputed claim, even though accepted in full satisfaction thereof, does not operate to discharge the debt but constitutes a payment *pro tanto* only.

5. OFFICERS—CHANGE OF COMPENSATION.

The salary of an officer, when once fixed in the manner prescribed by law, can be changed only by a like compliance with the statutory conditions.

6. SAME—CONTRACT FOR REDUCED COMPENSATION CONTRARY TO PUBLIC POLICY.

A contract whereby a public officer agrees to perform services required of him by law for a less compensation than that fixed by law is contrary to public policy and void.

7. SAME—ACTION TO COLLECT SALARY DEFICIENCY—STATUTE OF LIMITATIONS—LACHES.

Circuit court commissioner's proceeding to collect deficiency in salary, by way of presentation of claim to board of county auditors, is a proceeding at law in which claim would not be

barred short of expiration of statute of limitations, hence mere delay of three years in pressing claim, in the absence of exceptional circumstances would not constitute such laches as would defeat his recovery either in law or in equity (Comp. Laws 1929, §§ 1186, 13976).

8. SAME—SALARY DEFICIENCY—LEGAL INTEREST.

Circuit court commissioner who accepted less salary than was due him from county for one year *held,* entitled to interest at five per cent. per annum on the deficiency from date claim for deficiency was presented to board of county auditors until date of entering judgment for unlawful deprivation of the use of such deficiency (1 Comp. Laws 1929, § 1186).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 11, 1938. (Docket No. 101, Calendar No. 40,269.) Decided December 21, 1938.

John Kaminski presented his claim for salary deficiency to Wayne County Board of Auditors. Claim disallowed. Plaintiff appealed to circuit court. Judgment for plaintiff for amount of claim without interest. Modified and remanded to circuit court for inclusion of interest.

*Herman A. Schmier* and *Sidney J. Karbel,* for plaintiff.

*Duncan C. McCrea,* Prosecuting Attorney, and *Garfield A. Nichols* and *Nicholas J. Wagener,* Assistant Prosecuting Attorneys, for defendant.

NORTH, J. From January 1, 1933, to and including December 31, 1933, plaintiff, John Kaminski, was a duly elected, qualified and acting circuit court commissioner for Wayne county. For compensation as such public officer by statutory provision (Act No. 724, Local Acts 1907) he was paid by the State $3,000 per annum, and by ordinance passed by the

board of supervisors of Wayne county, his annual compensation payable by the county was fixed at $5,500, making a total of $8,500. Notwithstanding the above provisions as to compensation for his official services, plaintiff received and accepted $7,200 as his salary for 1933. This diminution in salary paid to plaintiff was due to the then current general depression, in consequence of which it may fairly be inferred from the record there was a general attempt made by the Wayne county board of auditors to reduce salaries payable to public officers and employees. Plaintiff's term of office expired December 31, 1936. On November 23, 1936, he filed claim with the board of Wayne county auditors for unpaid salary in the amount of $1,300, together with interest thereon from January 1, 1933. The board of auditors failed to pass upon this claim. On September 23, 1937, plaintiff instituted mandamus proceedings in the Wayne county circuit court which resulted in an adjudication that the board of auditors had authority to pass upon plaintiff's claim and the writ of mandamus issued commanding such action. No appeal was taken. On November 3, 1937, the board of auditors did pass upon plaintiff's claim and denied the same. Whereupon plaintiff appealed to the circuit court of Wayne county. The board of auditors and the county of Wayne appeared and answered. For the reasons hereinafter considered, defendants denied plaintiff's right to recover. The circuit judge, who heard the case, rendered a judgment in the sum of $1,300 for plaintiff. Defendants have appealed. Plaintiff has perfected a cross-appeal, asserting that the trial judge was in error in not allowing interest on the amount recovered.

The first contention made by appellants is that the Wayne county board of auditors did not have author-

ity to pass upon plaintiff's claim. This contention cannot be sustained.

"The boards of supervisors shall have exclusive power to fix the salaries and compensation of all county officials not otherwise provided for by law. The boards of supervisors, or in counties having county auditors, such auditors, shall adjust all claims against their respective counties." Const. 1908, art. 8, § 9.

The caption or heading by which the above quoted section is prefaced reads: "Salaries; claims against counties; appeals from decisions of board." Clearly the framers of the Constitution intended that the matter of adjusting "all claims" should include claims for salaries when contested. This is the construction which the legislature seems to have placed upon the constitutional provision.

"It shall be the duty of the board of supervisors of each county, or the board of county auditors in counties having a board of county auditors, to adjust, allow and authorize the payment of *all claims* against the particular county, and any claims not adjusted and ordered paid by the said board of supervisors or board of county auditors, as the case may be, except as provided in this act, shall not be paid." 1 Comp. Laws 1929, § 1186 (Stat. Ann. § 5.521).

It would seem too clear for argument that under the above quoted statute plaintiff could not assert his contested claim against the county until it had first been passed upon by the Wayne county board of auditors. The statute provides for appeal to the circuit court from either the allowance or the disallowance of claims by the board of supervisors or the board of auditors. 1 Comp. Laws 1929, §§ 1186, 1187 (Stat. Ann. §§ 5.521, 5.522). *Atlas* v. *Wayne*

*County Board of Auditors,* 281 Mich. 596, upon which appellants rely, is not an authority for their contention. Instead the holding of the cited case is only to the effect that plaintiff therein did not have a valid claim for unpaid salary and therefore his petition for mandamus to compel the allowance of his alleged claim was properly denied.

The remaining contentions of appellants may be stated as follows: That plaintiff is estopped from asserting his present claim by reason of his having accepted without protest the amount paid to him, and also by reason of his laches in failing to file his claim until nearly three years after it accrued. The record discloses that plaintiff received and accepted the sum of $7,200 for his official services from January 1, 1933, to December 31, 1933; that he did not protest to the board of county auditors or to the county treasurer about the reduction of his salary, and that he desisted from protesting knowing that if he did he would be exposed to public criticism for refusing to accept a cut in salary during a period of extreme financial depression.

A fundamental requisite of estoppel is that conduct, whether action or inaction, on the part of the one against whom the estoppel is asserted has worked to the disadvantage of the party who urges this defense. *Cudahy Brothers Co.* v. *West Michigan Dock & Market Corp.,* 285 Mich. 18. Nothing appears in this record tending to show that plaintiff's delay in asserting his right to unpaid salary has worked to the disadvantage of defendants.

"The acceptance of less compensation than that established by law for the office does not estop an officer from subsequently claiming the legal compensation." 46 C. J. p. 1027 (where numerous cases are cited).

"We have many times held that part payment of a past due, liquidated and undisputed claim, even though accepted in full satisfaction thereof, .does not operate to discharge the debt but constitutes a payment *pro tanto* only." *Aston* v. *Elkow,* 279 Mich. 232.

"The salary of a municipal officer, when once fixed in the manner prescribed by law, can be changed only by a like compliance with the statutory conditions; and by accepting a smaller amount than that to which he is entitled the officer does not waive his right to recover the full salary." *Ruell* v. *City of Alpena* (syllabus), 108 Mich. 290.

To the same effect, see *People, ex rel. Miller,* v. *Board of Auditors of Wayne County,* 41 Mich. 4. Many authorities are cited in a note in 70 A. L. R. 972 sustaining the following statement there made:

"The rule seems to be. well settled in most jurisdictions that a contract whereby a public officer agrees to perform services required of him by law for a less compensation than that fixed by law is contrary to public policy and void."

This is a proceeding at law, and notwithstanding appellants' contention to the contrary, we are of the opinion that plaintiff's right to recover is not impaired by laches.  Plaintiff's delay of approximately 3 years in pressing his claim is decidedly short of the period of the statute of limitations by which it would be barred.  Mere delay in asserting a claim for a period less than the statute of limitations * does not, in the absence of exceptional circumstances, constitute such laches as will defeat plaintiff's recovery either in law or in equity. *Epstean* v. *Mintz,* 226 Mich. 660.

---

* See 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).—RE-PORTER.

As hereinbefore noted, plaintiff has perfected a cross-appeal asserting that the trial court was in error in not allowing plaintiff interest upon the amount recovered. On November 23, 1936, plaintiff filed a claim for the money which he has now recovered. In the meantime defendants have unlawfully deprived him of the use of the $1,300 recovered. Under the circumstances he is entitled to interest at the rate of five per cent. per annum from November 23, 1936, to the date of entering judgment.

The case will be remanded to the circuit court for modification of the judgment in the particular just above indicated, but otherwise it is affirmed. Plaintiff will have costs of this court.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred.