BRONSON v SISTERS OF MERCY HEALTH CORPORATION

Docket No. 100397. Submitted June 21, 1988, at Detroit. Decided January 11, 1989.

Ella L. Bronson brought an action in Wayne Circuit Court on April 3, 1985, against Sisters of Mercy Health Corporation, doing business as Mount Carmel Mercy Hospital, alleging that defendant was negligent in granting staff privileges to Dr. Willard Holt, Jr., in failing to supervise Dr. Holt, in failing to discipline Dr. Holt, in failing to revoke Dr. Holt's staff privileges and in failing to warn patients of Dr. Holt's incompetency. Plaintiff further alleged that, as a result of defendant's breach of those duties, she underwent surgery on April 18, 1982, at which Dr. Holt was the anesthesiologist and as a result of Dr. Holt's negligence suffered cardiorespiratory arrest. Defendant moved for summary disposition on the basis of the running of the statutory period, arguing that the two-year malpractice period of limitation controlled. Plaintiff argued that her action sounded in ordinary negligence and was thus governed by the three-year period of limitation. The trial court, Paul S. Teranes, J., granted defendant's motion. Plaintiff appealed.

The Court of Appeals *held:*

Since the nature of plaintiff's claims against defendant involved matters directly related to the providing of medical care, the claims alleged malpractice and were thus subject to the two-year malpractice period of limitation. Accordingly, summary disposition was properly granted.

Affirmed.

LIMITATION OF ACTIONS — MALPRACTICE — HOSPITALS.

The period of limitation for malpractice actions against hospitals is two years; an action based upon a hospital's alleged negligent selection, retention and supervision of staff doctors is an action for malpractice and is subject to the two-year malpractice

REFERENCES

Am Jur 2d, Hospitals and Asylums § 39.

Applicability, to negligence action against hospital, of statute of limitations applicable to malpractice and related actions against physicians, surgeons, or the like. 89 ALR 2d 1180.

period of limitation (MCL 600.5805[4], 600.5838; MSA 27A.5805[4], 27A.5838).

*Stegman & Kelin, P.C.* (by *Alexander M. Kelin*), for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman*), for defendant.

Before: CYNAR, P.J., and SULLIVAN and J. R. ERNST,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order awarding summary disposition to defendant. On March 4, 1984, plaintiff filed a malpractice action against Dr. Willard Holt, Jr., an anesthesiologist on staff at defendant hospital. Plaintiff alleged that she suffered cardiorespiratory arrest as a proximate result of Dr. Holt's negligence in administering an epidural steroid block on April 18, 1982. Plaintiff's action against Dr. Holt is not the subject of this appeal.

On April 3, 1985, plaintiff filed the instant action, alleging that defendant hospital was negligent and breached its duty to plaintiff:

a. By granting staff privileges to Dr. Holt.

b. By failing to discover that Dr. Holt was no longer competent to retain staff privileges.

c. By failing to supervise the competency of its staff physicians, and in particular Dr. Holt.

d. By failing to fully investigate the allegations concerning the incompetency and prior acts of negligence of Dr. Holt.

e. By failing to take disciplinary action against Dr. Holt.

f. By failing to revoke Dr. Holt's staff privileges and/or in renewing said staff privileges.

g. By permitting Dr. Holt to practice in its

---

* Circuit judge, sitting on the Court of Appeals by assignment.

hospital when it knew, or in the exercise of due diligence should have known, that said physician was incompetent to do so.

h. By permitting Dr. Holt to practice in its hospital when it knew, or in the exercise of due diligence should have known, that to so permit said physician to practice in its hospital posed an unreasonable risk of foreseeable harm to its patients and potential patients.

i. By engaging in a pattern and practice of conduct in order to cover up the repeated acts of negligence by Dr. Holt by acting through its agents and attorneys to secure the suppression of otherwise public court files alleging malpractice on the part of Dr. Holt.

j. By failing to warn patients and potential patients, including the plaintiff, that numerous complaints had been made concerning Dr. Holt's competency and negligence, that Dr. Holt was incompetent and/or had a history of being careless and/or negligent and/or otherwise not properly attending to the care of his patients.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), asserting that plaintiff's claim was barred by the running of the two-year period of limitation for malpractice actions, MCL 600.5805(4); MSA 27A.5805(4). Plaintiff argues that her lawsuit against defendant was founded on ordinary negligence, not malpractice, and accordingly was governed by a three-year period of limitation, MCL 600.5805(8); MSA 27A.5805(8), and thus was filed in a timely manner. The trial court disagreed and entered its order for summary disposition and dismissal.

When reviewing a motion for summary disposition brought under MCR 2.116(C)(7), this Court accepts all of the plaintiff's well-pled factual allegations as true and construes them most favorably to the plaintiff. *Male v Mayotte, Crouse &*

*D'Haene Architects, Inc,* 163 Mich App 165, 168; 413 NW2d 698 (1987). A review of plaintiff's complaint reveals that plaintiff seeks to impose liability on defendant hospital for independent acts of negligence committed by the hospital; plaintiff does not seek to hold defendant vicariously liable for Dr. Holt's alleged malpractice. The precise issue presented for review is whether an action brought against a hospital asserting negligent selection, retention, and supervision of staff doctors is an action for malpractice against the hospital for purposes of the statute of limitations.

In *Kambas v St Joseph's Mercy Hospital of Detroit,* 389 Mich 249; 205 NW2d 431 (1973), our Supreme Court was presented with the question of whether the two-year statutory period of limitation applied to an action against a registered nurse for her alleged negligence. The Court, construing the then pertinent provisions of the Revised Judicature Act, held that it did not. Noting that the RJA did not define "malpractice," the Court found persuasive the reasoning of the Ohio Supreme Court in *Richardson v Doe,* 176 Ohio St 370, 371-372; 199 NE2d 878 (1964):

> "Malpractice in relation to the care of the human body has been defined as the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty, which the law implies from the employment, to exercise that degree of skill, care and diligence exercised by members of the same profession, practicing in the same or a similar locality, in the light of the present state of medical science.
>
> * * *
>
> "If the General Assembly had wished to protect groups other than those traditionally associated with malpractice, it should have listed the ones to be covered. Of the 17 states which have a special

statute of limitations for malpractice actions, all but five have listed the ones to be covered. See Lillitch, The Malpractice Statute of Limitations in New York and Other Jurisdictions, 47 Cornell Law Quarterly, 339, 367." [*Kambas, supra,* pp 254-255.]

In 1975, the Legislature amended § 5838 of the RJA, the section defining when a claim for professional malpractice accrues, by listing additional groups it wished to protect. 1975 PA 142. Following amendment by 1975 PA 142, MCL 600.5838; MSA 27A.5838 provided:

(1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, x-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice

action which is not commenced within the time prescribed by this subsection is barred.[1]

The Supreme Court, in *Adkins v Annapolis Hospital,* 420 Mich 87, 95; 360 NW2d 150 (1984), held that "1975 PA 142 evidenced a legislative intent to alter the common law and subject other health professionals to potential liability for malpractice." A hospital, as one of the specifically enumerated health professionals, is subject to a malpractice action as well as the two-year statutory period of limitation applicable to such an action. *Id.*[2]

We believe the circuit court correctly construed "claims based on malpractice of a hospital" under § 5838 as including the claims of negligence asserted by the instant plaintiff against defendant. While the *Adkins* Court noted that certain hospital errors in patient treatment may constitute ordinary negligence rather than malpractice, the cases cited as examples of ordinary negligence involve breaches of duties not arising from the rendering of professional medical services. *Id.,* p 95, n 10. The key to a malpractice claim is whether it is alleged that the negligence occurred within the course of a professional relationship. *Becker v Meyer Rexall Drug Co,* 141 Mich App 481, 485; 367 NW2d 424 (1985), lv den 423 Mich 852 (1985). The providing of professional medical care and treatment by a hospital includes supervi-

---

[1] Section 5838 was amended again by 1986 PA 178, § 1. That amendment, however, does not apply to this case because it involved a cause of action arising before October 1, 1986. 1986 PA 178, § 3.

[2] Plaintiff cites *Ferguson v Gonyaw,* 64 Mich App 685; 236 NW2d 543 (1975), lv den 396 Mich 817 (1976), as supporting her position because the recitation of facts in that case indicates that a negligence (as opposed to a malpractice) action was brought against the defendant hospital for the hospital's alleged failure to follow specified guidelines for screening the qualifications of a physician on its staff. We find *Ferguson* inapplicable because the lawsuit therein was brought prior to the 1975 amendment of § 5838.

sion of staff physicians and decisions regarding selection and retention of medical staff. We find pertinent the observations of Judge GRIBBS in *Nemzin v Sinai Hospital,* 143 Mich App 798, 805; 372 NW2d 667 (1985):

> I would find that plaintiff's claim against defendant hospital sounds in malpractice, rather than "ordinary" negligence. See *Penner v Seaway Hospital,* 102 Mich App 697, 704-705; 302 NW2d 285 (1981). Plaintiff's complaint alleged that defendant hospital did not comply with the standard of care and skill of hospitals in similar localities. It alleged that defendant hospital breached its duty to meet this standard of care in its care and treatment of plaintiff, in its selection and supervision of staff, and in providing a safe environment for postsurgical care. In sum, plaintiff claimed defendant hospital was negligent in performing those professional services rendered by a hospital.

In *Penner v Seaway Hospital, supra,* a panel of this Court similarly opined that plaintiff's complaint alleged medical malpractice where the allegations in plaintiff's complaint included breaches by defendant hospital of its duties to review the conduct of staff physicians and require staff physicians to comply with hospital rules, state law, and the standard of the hospital community.

Under plaintiff's proposed construction of § 5838, "malpractice" actions against hospitals would be limited to cases where plaintiffs seek to impose vicarious liability on hospitals for the malpractice of their agents; all actions charging independent acts of negligence by hospitals would be classified as "ordinary negligence" cases. We do not find any indication that such a distinction was intended by the Legislature nor do we find such a distinction warranted. We believe that, in amending § 5838, the Legislature intended that all claims against a

hospital for negligent performance of professional medical services would be governed by the statutory period of limitation for medical malpractice actions. We conclude that plaintiff's action against defendant in this case involved such claims and that summary disposition was therefore properly granted to defendant.

Affirmed.