DANNER v HOLY CROSS HOSPITAL

Docket No. 116922. Submitted January 18, 1991, at Detroit. Decided May 20, 1991, at 9:45 A.M.

John Danner brought an action in the Wayne Circuit Court against Holy Cross Hospital and others, alleging that his treatment by a physician at the hospital was substandard and resulted in injury. The court, Paul S. Teranes, J., held the matter to be subject to arbitration and dismissed the action against the hospital. The plaintiff appealed, claiming that his suit alleged ordinary corporate negligence on the basis of the hospital's failure to review a doctor's competency and restrict his surgical privileges and, thus, the Malpractice Arbitration Act, MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.*, did not apply.

The Court of Appeals *held:*

The plaintiff stated a claim for medical malpractice, not corporate negligence. The court properly held the matter to be subject to the arbitration agreement the plaintiff signed and correctly dismissed the action.

Affirmed.

HOSPITALS — NEGLIGENCE — MALPRACTICE.

The key to a malpractice claim is whether it is alleged that the negligence occurred within the course of a professional relationship; part of the professional relationship between a hospital and its patients is the providing of professional medical care and treatment, including the supervision of staff physicians and decisions regarding the selection and retention of medical staff; therefore, an action against a hospital alleging negligence on the basis of the hospital's failure to review a doctor's competency and restrict the doctor's surgical privileges is an action for malpractice.

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 28, 28.5; Physicians, Surgeons, and Other Healers § 376.

Hospital's liability for negligence in failure to review or supervise treatment given by doctor, or to require consultation. 12 ALR4th 57.

Arbitration of medical malpractice claims. 84 ALR3d 375.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *David K. Barnes, Jr.,* and *Barbara M. Robinson*), for the plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *Jane L. Miclay*), for the defendant.

Before: MARILYN KELLY, P.J., and HOLBROOK, JR., and MICHAEL J. KELLY, JJ.

HOLBROOK, JR., J. Plaintiff appeals as of right an order of the Wayne Circuit Court dismissing his allegations of negligence against defendant Holy Cross Hospital pursuant to the Malpractice Arbitration Act (MAA), MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.* We affirm.

Plaintiff argues it was error for the trial court to dismiss his complaint under the MAA because his suit was an ordinary negligence claim based upon the hospital's failure to review a doctor's competency and restrict his surgical privileges. Plaintiff asserts his claim alleged only corporate negligence and did not allege malpractice against the hospital or that the hospital rendered any medical malpractice or that it was vicariously libel for the treatment which was rendered.

Despite plaintiff's attempt to characterize his claim as one of corporate negligence, his claim is, in fact, one for medical malpractice. In *Bronson v Sisters of Mercy Health Corp,* 175 Mich App 647; 438 NW2d 276 (1989), this Court held that although the plaintiff alleged negligence in granting staff privileges to a physician, the nature of the plaintiff's claims against the defendant arose from matters directly related to the providing of medical care, and therefore the claim was properly one for malpractice. The Court stated:

> The key to a malpractice claim is whether it is alleged that the negligence occurred within the course of a professional relationship. The providing of professional medical care and treatment by a hospital includes supervision of staff physicians and decisions regarding selection and retention of medical staff. [*Id.,* pp 652-653. Citations omitted.]

Thus, we hold that plaintiff's attempted differentiation of a claim for corporate negligence from a claim for medical malpractice for purposes of avoiding the arbitration agreement is without merit. Plaintiff's contention that the MAA contemplates that a defendant hospital must itself actually render treatment for a claim to be arbitrable defies logic. The only way a hospital can render treatment is through its nurses and physicians. Since plaintiff's complaint was that his treatment by a physician at defendant hospital was substandard and resulted in injury, plaintiff has stated an action for medical malpractice and not corporate negligence. The trial court properly held this matter to be subject to the arbitration agreement and correctly dismissed plaintiff's action against defendant Holy Cross Hospital.

Affirmed.